UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI COALITION AGAINST BREED      Case No.
SPECIFIC LEGISLATION INC., a Florida
not for profit corporation, and
BLUES FOR VETS, INC., a Florida not
for profit corporation,

    Plaintiffs,
v.

MIAMI-DADE COUNTY, FLORIDA,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Miami Coalition Against Breed Specific Legislation Inc. ("MCABSL") and Blue for Vets, Inc. ("BFV" and together with MCABSL, "Plaintiffs"), hereby sue Defendant, Miami-Dade County, Florida ("Defendant"), and allege as follows:

### INTRODUCTION

1.    This is a civil rights action for declaratory and injunctive relief arising under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. §§ 2201 and 2202 stemming from Defendant's violation of Plaintiff's rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

2.    The case arises out of Defendant's ordinance that outlaws pit bull dogs and dogs "exhibit[ing] distinguishing physical characteristics" of a pit bull. *See* Miami-Dade County Ordinance 89-22 and Section 5-17 *et seq.* of the Miami-Dade County Code of Ordinances (hereinafter "the Ordinance").

3.    The Ordinance cites to and incorporates the Standards of the American Kennel Club ("AKC") and the United Kennel Club ("UKC") for American Staffordshire Terriers,

Staffordshire Bull Terriers, and American Pit Butt Terriers (collectively "pit bulls"). *See* Ordinance at Section 5-17.1(a).

4. Defendant enacted the Ordinance in 1989, with an effective date of April 14, 1989.

5. The Ordinance makes it unlawful for pit bull dogs to be sold, purchased, obtained, brought into Miami-Dade County, or otherwise acquired by residents of Miami-Dade County" or for pit bulls to be "kept, maintained, or otherwise harbored within Miami-Dade County[.]" *See* Ordinance at Section 5-17.6(b).

6. Defendant's regulation and threatened seizure of Plaintiffs' members' dogs violates the Fourteenth Amendment, including Plaintiffs' members' privilege against self-incrimination and right to due process of law with respect to the taking of property, and constitutes a substantive violation of Plaintiffs' members' liberty and property interests.

## PARTIES

7. Defendant is a municipality for purposes of liability under 42 U.S.C. § 1983, and is *sui juris*.

8. MCABSL is a Florida not-for-profit corporation located in Miami-Dade County. Its stated purpose is to challenge breed-specific legislation. MCABSL has more than 20,000 members nationwide.

9. Many of MCABSL members reside in Miami-Dade County and own a dog that would be considered a "pit bull" under the Ordinance. Therefore and as set forth in more detail below, the individual members otherwise possess standing to sue in their own right. However, neither the claim asserted nor the relief requested through this lawsuit requires the participation of MCABSL's individual members.

10. BFV is a Florida not-for-profit corporation located in Miami-Dade County. Its stated mission and purpose is to provide disabled veterans a service pet to enhance their quality of life. BFV has provided approximately 15 service pets to members/veterans in Miami-Dade County since 2016.

11. Most of the service pets provided by BFV to its chosen veterans would be considered a "pit bull" under the Ordinance. Therefore and as set forth in more detail below, the individual members otherwise possess standing to sue in their own right. However, neither the claim asserted nor the relief requested through this lawsuit requires the participation of BFV's individual members.

12. Plaintiffs' individual members desire for Plaintiffs to proceed with the above-styled lawsuit on their behalf and to otherwise proceed anonymously due to their challenge of Defendant's governmental activity, and the fear of being compelled to admit that they are engaging in illegal conduct.

## JURISDICTION AND VENUE

13. This lawsuit arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983.

14. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

15. This Court has authority to grant the declaratory relief and injunctive requested herein pursuant to 28 U.S.C. §§ 2201(a) and 2202.

16. Jurisdiction supporting Plaintiff's claim for attorney's fees is conferred by 42 U.S.C. § 1988.

17. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

18. In or around 1989, the United States District Court for the Southern District of Florida entered a Final Judgment in favor of Defendant on a pre-enforcement challenge to the Ordinance in a lawsuit styled *American Dog Owners Ass'n, Inc., et al. v. Dade County, Florida, et al.*, Case No.: 89-771-CIV (hereinafter the "Pre-enforcement Challenge").

19. The aforementioned Pre-enforcement Challenge relied on the then-existing body of knowledge regarding pit bulls. The recitals to the Ordinance reference "a tragic series of incidents in which citizens have been attacked and seriously injured by pit bull dogs[,]" "animal killings resulting from pit bull attacks[,]" the belief that "pit bulls were developed for the purpose of fighting dogs and other animals[,]" the belief that "certain pit bull traits have been selected and maximized by controlled breeding, including 1) a set of powerful jaws with an exceptional ability to grip, lock and tear . . . 2) a unique insensitivity to pain that causes pit bulls to be exceedingly tenacious in the attack, 3) an unusually aggressive temperament towards human beings and animals, and 4) an extraordinary directness in their method of attack that does not include the common warning signs such as barking or growling displayed by other breeds[.]" *See* Ordinance. The intent of the Ordinance was and is "to secure for the citizens of [Miami-Dade] County the protection of their health, safety and welfare." *See* Ordinance, at Section 5-17.

20. Since the Pre-enforcement Challenge, the state of science is such that the Ordinance's ban on pit bills is no longer rational.

21. More specifically, the official UKC breed standard for the American Pit Bull Terrier, which was revised May 1, 2017 (i.e. after the enactment of the Ordinance), currently states that "[American Pit Bull Terriers] make excellent family companions and have always been noted for their love of children." The UKC goes on to describe the American Pit Bull

Terrier as "extremely friendly, even with strangers[,]" and notes that "[a]gressive behavior towards humans is uncharacteristic of the breed[.]"

22.  The official UKC breed standard for the Staffordshire Bull Terrier, which was revised April 15, 2007 (after the enactment of the Ordinance), currently states that the breed is known for "its affection for its friends, and children in particular, its quietness and trustworthy stability[.]"

23.  The AKC currently describes the American Staffordshire Terrier as "a people-oriented dog that thrives when he is made part of the family and given a job to do."

24.  The present state of science regarding "pit bulls" is such that the breed specific prohibition enacted by Defendant and implemented through the Ordinance is not rationally based to serve a legitimate governmental purpose.

## COUNT 1
## FOURTEENTH AMENDMENT VIOLATION, SUBSTANTIVE DUE PROCESS

25.  Plaintiffs incorporate the allegations contained in Paragraph 1 through 24 above as though fully set forth herein.

26.  Defendant's policy of forcing Plaintiffs' members to surrender their companion and/or service animals to the city for destruction or to transfer their dogs to individuals who reside outside of Miami-Dade County, where there is no evidence that the animals posed a threat to public safety, violates Plaintiffs' members' liberty and property interests protected under the Fourteenth Amendment.

27.  Defendant's practice of destroying Plaintiffs' members' property, where there is no evidence that the property posed a public nuisance or otherwise threatened public safety, violates Plaintiffs' members' property interest protected under the Fourteenth Amendment.

28. Due to Defendant's unlawful practices as set forth herein, Plaintiffs possess a clear legal right.

29. Defendant's unlawful practices as set forth herein pose a real, present and continuing threat of irreparable injury to Plaintiffs and their members.

30. Neither Plaintiffs nor their members possess an adequate remedy at law to address Defendant's unlawful practices.

31. An injunction would serve the public interest.

32. Plaintiffs and their members are in doubt as to their rights under the Ordinance, and specifically need a declaration by this Court as to whether the Ordinance is constitutional.

33. Plaintiffs and Defendant have an actual, bona fide and present practical need for a declaration by the Court in this matter because an actual controversy exists between the parties with respect to the constitutionality of the Ordinance, and the rights and obligations of the parties under the Ordinance.

34. The declaration sought in this matter concerns a present, ascertained or ascertainable state of facts, or present controversy as to a state of facts.

35. All parties having a present interest in the issues in this case are before the Court.

36. The relief sought herein is not merely the giving of legal advice or the answer to questions propounded for curiosity.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant as follows:

   (a) That the Court enter a judgment declaring the Ordinance to be unconstitutional;

(b)     That the Court utilize its powers under 28 U.S.C. §§ 2201 and 2202 to enter an injunction requiring Defendant to repeal the Ordinance;

(c)     That the Court award Plaintiffs their attorney's fees and costs of this action pursuant to 42 U.S.C. § 1988(b); and

(d)     That the Court award Plaintiffs any further relief that the Court deems appropriate.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury of all issues so triable as a matter of law.

Date: October 11, 2017.

Respectfully submitted,

**TRIPP SCOTT, P.A.**
*Counsel for Plaintiffs*
110 SE 6th Street, Floor 15
Fort Lauderdale, FL 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475

By:*/s/ Ryan H. Lehrer*
RYAN H. LEHRER, ESQ.
Florida Bar No. 84423
eservice@trippscott.com
rhl@trippscott.com; sxc@trippscott.com