```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                          MIAMI DIVISION
                       CASE NO. 17-CV-23716-PCH
 3

 4   MIAMI COALITION AGAINST              Miami, Florida
     BREED SPECIFIC LEGISLATION,
 5   Inc., et al                         March 29, 2018

 6        Plaintiff,                     1:00 p.m. to 2:00 p.m.

 7           vs.                         Pages 1 to 25

 8   MIAMI-DADE COUNTY, FLORIDA

 9        Defendant.

10   _____

11                    TELEPHONIC STATUS CONFERENCE
                    BEFORE THE HONORABLE PAUL C. HUCK
12                    UNITED STATES DISTRICT JUDGE

13   APPEARANCES:

14   FOR THE PLAINTIFF:        RYAN H. LEHRER, ESQ.
                               TRIPP, SCOTT, P.A.
15                             110 Southeast Sixth Street
                               15th Floor
16                             Ft. Lauderdale, Florida 33301

17   FOR THE DEFENDANT:        CHRISTOPHER J. WAHL, ESQ.
                               DENNIS A. KERBEL, ESQ.
18                             SABRINA BROOKS LEVIN, ESQ.
                               MIAMI-DADE COUNTY ATTORNEY'S OFFICE
19                             111 NW 1st Street
                               Suite 2810
20                             Miami, Florida 33128

21

     STENOGRAPHICALLY REPORTED BY:
22

                               PATRICIA DIAZ, FCRR, RPR, FPR
23                             Official Court Reporter
                               United States District Court
24                             400 North Miami Avenue
                               11th Floor
25                             Miami, Florida 33128
                               (305) 523-5178
```

1              (Call to the order of the Court.)

2         THE COURT:  Good afternoon.  We are here on the matter

3    of Miami Coalition Against Breed Specific Legislation, Inc., et

4    al, versus Miami-Dade County.

5         MR. LEHRER:  Good morning, Your Honor, Ryan Lehrer and

6    Seth Donahoe of the law firm of Tripp Scott on behalf of the

7    plaintiffs.

8         THE COURT:  For the County?  Who is representing the

9    County?  They are not on the line.

10        MR. LEHRER:  They were just on the line.  I am not sure

11   if they got cut off.

12        THE CLERK:  They can rejoin, I guess.

13        THE COURT:  Is the County with us now?

14        MR. WAHL:  Yes, sorry about that.

15        THE COURT:  May I have your appearance, please?

16        MR. WAHL:  Christopher Wahl for Miami-Dade County.  I

17   am here with my co-counsel, Sabrina Levin and Dennis Kerbel.

18        THE COURT:  Okay.  I want to have a -- not exactly an

19   oral argument on this motion to dismiss but I want to kind of

20   clear up some things because, frankly, I am having a very

21   difficult time discerning exactly what the plaintiffs' claims

22   are in this case.

23        They seem to go back and forth.  Some things are

24   alleged in the amended complaint and then they are not

25   discussed on the opposition memorandum.  So, I just need to get

1    some clarification and I think at the end of the day we are

2    probably going to hopefully streamline the allegations in the

3    complaint, and I am going to give the -- most likely give the

4    plaintiffs a chance to reallege its complaint, their complaint

5    and hopefully, you know, it will go a little smoother.

6          Maybe it's just my shortcomings but I just am having a

7    difficult time trying to discern exactly what the plaintiffs

8    are seeking in this case.

9          As I see the complaint, they seem to be alleging two

10   different claims, one of which they call -- let me pull up the

11   complaint, the first amended complaint.  They claim -- Count 1

12   the title is Fourth Amendment Violations, Substantive Due

13   Process.  In paragraph 28, 27, they say, "Defendant's practice

14   of destroying plaintiffs' property, the dogs, plaintiffs'

15   members' properties, the dogs, where there is no evidence that

16   the property posed a public nuisance or otherwise threatened

17   public safety, violates plaintiffs' members' property interest

18   protected by the Fourteenth Amendment."

19         I am assuming that what they are saying is that the

20   County, pursuant to the ordinance, is destroying or taking the

21   members' property and there is no rational basis for that.

22         Is that your claim?

23         MR. LEHRER:  Your Honor, this is Ryan Lehrer on behalf

24   of the plaintiffs, I believe that part of the claim, yes, Your

25   Honor.  You know, at its core what we are challenging here is

4

1   the County's ordinance and its policy of enforcement asserting

2   that it is unconstitutionally vague and violates due process.

3   What we are alleging --

4          THE COURT:  Okay.  Wait.  Wait.  Time out.  Hold on.

5          You are talking about Count 2, which is entitled,

6   "Vagueness Challenge."  Correct?

7          MR. LEHRER:  I believe some.

8          I am having a little bit of trouble hearing the Court

9   just because there is a little bit of an echo, but I believe

10  what I heard you say is accurate.

11         THE COURT:  That's Count 2.  I am talking about

12  Count 1, paragraph 27.  It seems to me --

13         MR. LEHRER:  One moment, Your Honor, I am going to pull

14  up a copy of the complaint.

15         THE COURT:  That would be helpful on a motion to

16  discuss the complaint.

17         MR. LEHRER:  Okay.  I have it in front of me, Your

18  Honor.

19         What was the Court's inquiry?

20         THE COURT:  Paragraph 27 seems to indicate this is a

21  lack of rational basis for taking or destroying your members'

22  property, that is, the dogs.  That's the Fourteenth Amendment

23  claim but that's not discussed in the opposition memo.  It

24  seems to me the opposition memo kind of morphs into either an

25  as-applied claim or some kind of Monell claim, and it's just

1    unsure to me what exactly you are doing.

2         MR. LEHRER:  I believe, Your Honor, what we are really

3    asserting here as the core is what would be considered a Monell

4    claim.

5         THE COURT:  No, no, no, time out.  Time out.  Time out.

6         I don't want to hear about core.  I want to hear what

7    Count 1 is all about.  You say it's a Fourteenth Amendment

8    violation of your members' substantive due process.

9         What does that mean?  And are you actually pursuing

10   that claim?

11        MR. LEHRER:  We are pursuing the claim, Your Honor, and

12   I think, you know, my clients' rights are being violated by

13   what we are alleging to be an unconstitutional application of

14   this ordinance and this policy of enforcement.  So, what's

15   transpiring here is the dogs are being, you know, labeled as

16   pit bulls and confiscated and then all of a sudden, your know,

17   weeks or months later, they are now being labeled like a

18   poodle.  So, we think that this back and forth in the way that

19   the County is enforcing its policy and enforcing this ordinance

20   is unconstitutional with the wrongful taking of our clients'

21   property.

22        THE COURT:  Let me stop you.  Let me stop you.  I'm

23   focusing on Count 1.

24        Where does it say that on Count 1?  Count 1, look at

25   paragraph 27.

1          MR. LEHRER:  Yeah.

2          THE COURT:  Is that or is that not a claim that your

3    Fourteenth Amendment rights are being violated, your subject

4    due process rights under that amendment are being violated

5    because your clients' property is being taken where there is no

6    evidence of a reasonable basis for taking that property?

7          MR. LEHRER:  That's correct, Your Honor.

8          THE COURT:  What you just said a minute ago seems to me

9    is not related to the claim in Count 1.  Tell me how it's

10   related to Count 1.

11         MR. LEHRER:  I think I have to concede.  You know, I

12   think you are correct in what you are pointing out, but, again,

13   I think, you know, that my clients' property, their pets being

14   taken wrongfully, their property being taken wrongfully in this

15   matter we do believe it would be a substantive due process

16   violation under the circumstances as we have alleged and as we

17   have set forth in my response.

18         THE COURT:  What is the act or what has the county done

19   with regard to Count 1 that you are complaining about,

20   specifically?

21         MR. LEHRER:  We are alleging that the county has a

22   practice and a policy of taking these animals, some of which

23   belong to my client, the members of my client, and they are

24   taking these animals.  They are putting them down.  They are

25   going back and forth with respect to, you know, how they are

1    labeling these animals, and that's why -- you know, that really

2    the brunt of what we are asserting in this case.

3         THE COURT:  It sounds to me like you are saying they

4    are not applying the ordinance the way it's supposed to be

5    applied.

6         MR. LEHRER:  Sure, Your Honor.  I mean, again, I think

7    at its core this really is an as applied challenge, but I think

8    that --

9         THE COURT:  All right.  Time out.  But you haven't

10   alleged that.

11        MR. LEHRER:  I believe we have alleged that we are

12   challenging the application of this ordinance.

13        THE COURT:  Show me the allegations that establish an

14   as-applied violation.

15        MR. LEHRER:  If I may just have a moment, Your Honor, I

16   am pulling up our response.

17        THE COURT:  By the way, your response should be

18   entitled response, not a reply, which causes a little bit of

19   confusion.  You called it a reply.

20        MR. LEHRER:  My apologies, Your Honor.

21        THE COURT:  That's all right, just for future

22   reference.

23        While you're doing that, let me talk to Mr. Wahl.

24        Mr. Wahl, am I missing something with regard to

25   Count 1?  It seems to me, and maybe I am just not reading in

1  particularly paragraph 27 correctly, but it seems to me that's

2  a general attack or challenge to the enforcement of the

3  ordinance, not because it's vague but because there is no

4  rational basis for what they are doing.

5       MR. WAHL:  Christopher Wahl for the County.

6       I agree that there is no as-applied challenge alleged

7  in Count 1.

8       THE COURT:  My question is a little different than

9  that.  It seems to me this is a new rational basis claim,

10 taking property where it doesn't pose a public nuisance or

11 otherwise threatened public safety.

12      MR. WAHL:  Right.  What is unclear to me is whether

13 they are challenging the ordinance itself or a custom of how

14 the ordinance is applied.

15      THE COURT:  I am just talking about the allegations

16 now.  I am not talking about their opposition memo.  They are

17 asking in paragraph 32 they need a declaration by the Court as

18 to whether the ordinance is constitutional.  That's the whole

19 ordinance, not just the application in some instances, some

20 specific instances.

21      MR. WAHL:  Correct, Your Honor, it's a facial

22 challenge.

23      THE COURT:  But not based on vagueness?

24      MR. WAHL:  Correct.  It's a facial challenge based on

25 substantive due process, which means it's a rational basis

1   analysis.

2          THE COURT:  That's what I see.  Mr. Lehrer --

3          MR. LEHRER:  Yes, sir.

4          THE COURT:  Explain to me why that's not the case.

5          MR. LEHRER:  My apologies, Your Honor, I was looking

6   through the complaint, and I believe what we were alleging or

7   what we were pointing to is set forth previously -- I think

8   it's in paragraph 19.  I did not hear Mr. Wahl's statement.  I

9   heard part of it but if it could be restated for me.

10          THE COURT:  Listen, I am not going to keep restating

11  things for you.  This will take forever.

12          Listen, is something wrong with your phone?  I heard it

13  perfectly.  If there is, let's get that taken care of.

14          MR. LEHRER:  Well, I can hear when the County's

15  attorney is speaking.  When Your Honor is speaking, there is a

16  little bit of an echo, but other than that, I am hearing you

17  again.  The reason -- and I apologize, Your Honor, the reason

18  why I didn't hear everything that you and Mr. Wahl were

19  discussing was because I was going through the complaint to get

20  the paragraph that you had asked me about.

21          THE COURT:  Tell you what, I am going to cancel this

22  hearing.  I can't go through this.  We are going to have the

23  hearing in person next week.  This is not working.  To have to

24  wait for you to pull up your documents, I mean, I am kind of

25  flabbergasted that they are not right in front of you, so I am

```
 1           not going to waste my time or someone else's time.

 2                Here is what I am going to do.  Go through the amended

 3           complaint.  I want you to compare it with your memorandum.

 4           Then we are going to have a hearing because I want to find out

 5           what this case is all about.  Frankly, your memorandum in

 6           opposition doesn't coincide with the arguments or the

 7           allegations you made in your amended complaint, and I want to

 8           get clear exactly what your case is about.  Is it going to be

 9           an as-applied case, which I think you need the specifics to

10           show in what instances it has been applied improperly and what

11           leads you to believe that your clients or the members are going

12           to be facing imminent enforcement against them?  So, let's set

13           that aside for a moment.

14                Let's talk about Count 2, and I hope that you have the

15           complaint in front of you because this is one that's titled

16           Vagueness Challenge, and it seems to me this has already been

17           resolved by Judge Hoeveler.

18                American Dog Owners' Association versus the County,

19           that's already decided.  The ordinance hasn't changed since

20           then, has it?  Mr. Wahl?

21                MR. LEHRER:  I do not believe it has, Your Honor.  I

22           don't believe they can change it given the Florida Statute that

23           bans breed specific legislation.

24                THE COURT:  That was Mr. Lehrer talking?

25                MR. LEHRER:  Yes, Your Honor, my apologies.
```

1          THE COURT:  Mr. Wahl?

2          MR. WAHL:  The ordinance hasn't been changed in any

3    material way.

4          THE COURT:  Well, one of the plaintiffs in this case is

5    Blues for Vets, Inc., and they are concerned about the service

6    dogs.  The County says there is no exclusion of service dogs in

7    the ordinance itself, but we have a practice of not enforcing

8    it, so we have kind of an informal exemption for service dogs.

9          You based that on the affidavit of the representative

10   of the county, Sean Gallagher, and the defendant files counter

11   affidavits, so to speak, that say in some instances the County

12   has, in fact, attempted to enforce or has enforced against the

13   service dogs.

14         Now, it seems to me the service dog issue should be

15   something that we can take out of a case.

16         Can the County formalize it's informal exemption, that

17   is, to say this does not apply?  This ordinance will not apply

18   to service dogs, and why don't we just handle it that way?

19         MR. WAHL:  Yes, Your Honor, the County can do that.

20         THE COURT:  How long is it going to take you to do

21   that?  Or maybe easier the other thing we can do is to have a

22   stipulation that we can reduce to a judgment to say that they

23   will not enforce it against service dogs in the nature of an

24   injunction.

25         MR. KERBEL:  Excuse me, Your Honor, this is Dennis

```
 1    Kerbel for the County.  In terms of the process, if it will be
 2    sufficient for the Animal Services director to issue a Standard
 3    Operating Procedure, he can do that very quickly.  If Your
 4    Honor would like to be more formal like a statement of the
 5    board, that would have to be a --
 6              THE COURT REPORTER:  I am having trouble hearing him.
 7              THE COURT:  Can you get a little close to the speaker?
 8              MR. KERBEL:  Yes, Your Honor.
 9              THE COURT:  Okay.  Go through that again.
10              MR. KERBEL:  Okay.  This is Dennis Kerbel for the
11    County.  If an amendment to the department's Standard Operating
12    Procedure promulgated by the director would suffice, we can do
13    that very quickly.  If the Court wants something more formal
14    like statements from the Board of County Commissioners, we
15    would have to use the legislative process which would require a
16    committee hearing and then a final hearing in front of the
17    Board of County Commissioners, which will take a couple of
18    months just because of the normal process.
19              THE COURT:  There has to be a number of readings and
20    things like that?
21              MR. KERBEL:  Yes.  There would be a committee hearing
22    and then final action by the county commissioner, so it's two
23    stops.
24              THE COURT:  Okay.  Mr. Lehrer, with regard to the Blues
25    for Vets and the service animals issue, how about a two-step
```

1   process, amendment to the standard operating procedure until a

2   formal statement and amendment to the ordinance can take place,

3   and that will take care of that?  Is that agreeable?

4        MR. LEHRER:  Your Honor, Ryan Lehrer here again.  I

5   would want to confer with my client on that but I will say

6   this, that what I am hearing I think does sound like it is

7   something they would be interested in.

8        I can speak with my client about it and follow up with

9   the County and we can have a phone call about that, but I won't

10   have a problem because, you know, as I think Your Honor was

11   trying to get to narrow the issues here.

12        THE COURT:  All right.  Let's set a date for -- today

13   is Thursday.  Let's see if this can be resolved.

14        The County attorneys can talk to their client and the

15   plaintiffs' attorney can talk to their clients and get this

16   thing at least preliminarily resolved in the sense that we have

17   an agreement.  Let's say next Wednesday.

18        MR. LEHRER:  We can try that, Your Honor.

19        THE COURT:  Can we do it?

20        Is that enough time for people to communicate?  It

21   seems to me it's almost a whole week.  It should be plenty of

22   time.

23        MR. LEHRER:  Your Honor, this is Ryan Lehrer, are you

24   proposing a hearing next Wednesday, April 4th?

25        THE COURT:  I am proposing that's the deadline for you

```
 1    all to make a resolution of the Standard Operating Procedure,

 2    followed by a formal statement from the County Commission or

 3    whomever the proper entity is, saying they will exempt service

 4    dogs from the enforcement so that at least that agreement then

 5    can be formalized with some kind of writing later on.  At least

 6    we are all in agreement that that's the way to approach that

 7    particular topic in this case.

 8              MR. LEHRER:  Ryan Lehrer for the plaintiffs, Your

 9    Honor.  That's plenty of time for me to speak with my client,

10    yes.

11              THE COURT:  I will set that new time, get it resolved.

12    Let the Court know if you can do it earlier and we can do it

13    earlier.

14              If that's the case then we can probably eliminate Blues

15    for Vets, Inc. as a party plaintiff.

16              Now, let me go back to the vagueness challenge while I

17    look at my calendar.  This is a facial challenge to the

18    ordinance, but why is it now brought up again because Judge

19    Hoeveler ruled on this in the American Dog Owners' Association

20    case several years ago and both parties said the ordinance has

21    not changed.

22              MR. LEHRER:  Your Honor, Ryan Lehrer for the plaintiff.

23              I believe in Judge Hoeveler's -- towards the end of his

24    opinion he does leave open the fact that, you know, how this is

25    going to be applied has yet to be decided and they are not
```

1    making that decision here.

2              I will concede to the Court that the gravamen of our

3    complaint is an as-applied challenge.

4              With that said, because the application of the

5    ordinance and the County's policy necessarily rely on the

6    language of the ordinance itself and we are saying that there

7    is a certain language in there that is causing this ordinance

8    and the County's policy to be applied in an unconstitutional

9    fashion.

10             THE COURT:  I am hesitating because I am trying to

11   digest that.

12             Judge Hoeveler already said it's not vague.  It may be

13   that some of the -- and you made the same argument as the

14   plaintiffs in the American Dog Owners' made that same argument

15   and what Judge Hoeveler said, he ruled that it was not

16   unconstitutionally vague because the plaintiffs made that

17   argument in that case, but that it may be -- it was for a

18   future determination as to whether it can be applied

19   constitutionally, i.e., an as-applied challenge.

20             It seems to me that's what you got in your case, an

21   as-applied challenge, not a voice for vagueness challenge

22   because I think Judge Hoeveler got it right.  It's not likely I

23   am going to change that decision.  You could have appealed it.

24   I don't know if it was appealed or not.  I know it's not the

25   same people but it's the same group of members dog owners so,

1    going down that path is not going to lead you very far.

2            If it's going to be an as-applied, you are going to

3    have to give the facts.  You're going to have to allege some

4    specific facts that show that it has been unconstitutionally

5    applied or that the members will have a reasonable expectation

6    that it will be applied unconstitutionally against them, and

7    the amended complaint is lacking with those allegations.

8            And by -- even though the county filed its affidavit

9    about the enforcement, you know, with regard to service dogs,

10   and you filed counter affidavits with regard to some instances

11   about service dogs, those are not going to be considered by the

12   Court on a motion to dismiss.

13           So, I have to look at your complaint.  So, I need this:

14   I need the plaintiff to decide what his Count 1 really is.  Is

15   it a Monell claim?  If so, you have to allege a Monell claim,

16   not what you have alleged here, which is, in my view, a lack of

17   rational basis claim.

18           If it's a lack of rational basis and they are taking

19   the property, which is a facial claim, then the opposition memo

20   should deal with that, which it hasn't.  I think there is just

21   one sentence here that even mentions it and that's it.  It

22   seems to be always going back to an as-applied and in some

23   instances kind of a claim.

24           So, we can have another hearing next week or I will

25   give the plaintiff leave to amend one last time to establish

1    what its complaint is going to look like and then we will see

2    if it meets the test of whatever the counts are.

3           MR. LEHRER:  Your Honor, this is Ryan Lehrer again.  I

4    think given today's hearing I would like to take the Court up

5    on that offer for an additional amendment and what I would ask

6    for is 30 days to amend, and in the meantime I will work with

7    the County's attorneys with respect to the issues we previously

8    discussed that implicate Blues for Vets to see if we can, you

9    know, amongst the attorneys and the parties here narrow out

10   that issue for the Court so they can concentrate on anything

11   else that is presently active.

12          THE COURT:  Keep in mind my comments.

13          The next -- I'm going to give you leave to amend.  I

14   would do 30 days, but keep in mind you've got some issues here.

15          You got to decide whether you, in fact, have a

16   Fourteenth Amendment claim based on the lack of a rational

17   basis for the ordinance itself which changed circumstances may

18   or may not come into play or whether it's going to be a Monell

19   change, that is, there is a custom and policy not to enforce it

20   appropriately or said the other way to enforce it in an

21   unconstitutional way or whether it's an as-applied challenge

22   based on past practices of wrongfully applying this statute or

23   the ordinance or a reasonable basis to believe that the members

24   are facing imminent prosecution or having their dogs taken

25   away.  And if so, you have to allege sufficient facts to

1   establish that.  You can't just have some broad comment that

2   the members own dogs and they have a fear that they may have

3   the dogs confiscated.  That just doesn't do it.

4       Then you should consider whether the appropriate

5   plaintiffs are individuals -- I am talking about now as-applied

6   portion, not the facial attack based on the no rational basis.

7   But with regard to as-applied, whether only the individuals are

8   the proper parties to bring that as opposed to the association.

9   Okay?

10      MR. LEHRER:  Yes, Your Honor, thank you.

11      THE COURT:  Okay.  I think what we will do -- let me

12  check my calendar.  What does Wednesday look like?

13      THE CLERK:  I was already looking for it.  It's pretty

14  open.

15      (Discussion of the record.)

16      THE COURT:  All right.  Mr. Lehrer, do you feel

17  comfortable enough, based on my comments, that you can go ahead

18  and draft up a second amended complaint or do you want to get

19  together again and have discussions about these issues next

20  week?

21      MR. LEHRER:  I think we have gone through a lot of the

22  issues today, Your Honor.  Again, Ryan Lehrer of the

23  plaintiffs.  I think we have gone through quite a few of the

24  issues and, suffice it to say, given the discussion, we would

25  go ahead and take the Court up on its offer to allow us to file

```
1    a second amended complaint.  I don't think there will be a need

2    for a further hearing in front of the Court given today, and I

3    apologize, Your Honor, I was under the impression that it was

4    just a status conversation.  I didn't know that we would

5    necessarily be going over a lot of specifics or I would be

6    better prepared.

7            THE COURT:  Okay.  Keep in mind the issue I raised,

8    which is who is the proper plaintiff in this case on an as

9    applied.  You have to do some research on that because I think

10   you will find that the Miami Coalition might not be the

11   appropriate party to that and it may be that you need to add

12   some people.  And they may have some additional claims that in

13   their instance they suffered because it was wrongly applied or

14   they have a reasonable basis for believing that they are in

15   this imminent, that they are going to be, that it's going to be

16   enforced against them, confiscating the dog or whatever the

17   penalties are.

18           All right.  Anyone else have a comment or question

19   about what I am proposing that we do?

20           MR. LEHRER:  Your Honor, this is Ryan Lehrer.  Would we

21   be able to contact chambers to get a copy of today's

22   transcript?

23           THE COURT:  You can contact the court reporter.

24           MR. LEHRER:  Okay.  I will contact the court reporter.

25           THE CLERK:  It will be on the minutes.
```

1      THE COURT:  Check the docket.  It will have the name

2  and the phone number.  That way you can contact the court

3  reporter.

4      MR. LEHRER:  That works.  Thank you, Your Honor.

5      MR. WAHL:  Christopher Wahl for the County, no

6  questions or comments.

7      THE COURT:  All right.  Good luck with regard to the

8  service dogs.  I think that's something we can put to rest.  I

9  think everyone is in agreement.  I think the County is

10  obligated to exclude service dogs.  It's just a question of

11  getting it in a situation where everybody is on the same page,

12  the enforcement officers know about it and if it turns out

13  there is a service dog, the County's enforcement officer

14  doesn't treat it as a service dog then again that would be an

15  individual as-applied violation.

16      All right.  You all have a good day and I will wait to

17  hear from you.  Have a good day.

18      (Proceedings were concluded at 1:30 p.m.)

19

20

21

22

23

24

25

```
 1                        C E R T I F I C A T E

 2

 3          I hereby certify that the foregoing is an

 4   accurate transcription of the proceedings in the

 5   above-entitled matter.

 6

 7
     April 2, 2018          /s/Patricia Diaz_____
 8   DATE                   PATRICIA DIAZ, FCRR, RPR, FPR
                            Official Court Reporter
 9                          United States District Court
                            400 North Miami Avenue, 11th Floor
10                          Miami, Florida 33128
                            (305) 523-5178
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**/**

**/s/Patricia** [1] - 21:7

**1**

**1** [12] - 3:11, 4:12, 5:7, 5:23, 5:24, 6:9, 6:10, 6:19, 7:25, 8:7, 16:14
**11th** [1] - 21:9
**19** [1] - 9:8
**1:30** [1] - 20:18

**2**

**2** [4] - 4:5, 4:11, 10:14, 21:7
**2018** [1] - 21:7
**27** [5] - 3:13, 4:12, 4:20, 5:25, 8:1
**28** [1] - 3:13

**3**

**30** [2] - 17:6, 17:14
**305** [1] - 21:10
**32** [1] - 8:17
**33128** [1] - 21:10

**4**

**400** [1] - 21:9
**4th** [1] - 13:24

**5**

**523-5178** [1] - 21:10

**A**

**able** [1] - 19:21
**above-entitled** [1] - 21:5
**accurate** [2] - 4:10, 21:4
**act** [1] - 6:18
**action** [1] - 12:22
**active** [1] - 17:11
**add** [1] - 19:11
**additional** - 17:5, 19:12
**affidavit** [2] - 11:9, 16:8
**affidavits** [2] - 11:11,

16:10
**ago** [2] - 6:8, 14:20
**agree** [1] - 8:6
**agreeable** [1] - 13:3
**agreement** [4] - 13:17, 14:4, 14:6, 20:9
**ahead** [2] - 18:17, 18:25
**allegations** [5] - 3:2, 7:13, 8:15, 10:7, 16:7
**allege** [3] - 16:3, 16:15, 17:25
**alleged** [5] - 6:16, 7:10, 7:11, 8:6, 16:16
**alleging** [5] - 3:9, 4:3, 5:13, 6:21, 9:6
**allow** [1] - 18:25
**almost** [1] - 13:21
**amend** [3] - 16:25, 17:6, 17:13
**amended** [6] - 3:11, 10:2, 10:7, 16:7, 18:18, 19:1
**amendment** [5] - 6:4, 12:11, 13:1, 13:2, 17:5
**Amendment** [6] - 3:12, 3:18, 4:22, 5:7, 6:3, 17:16
**American** [3] - 10:18, 14:19, 15:14
**analysis** [1] - 9:1
**Animal** [1] - 12:2
**animals** [4] - 6:22, 6:24, 7:1, 12:25
**apologies** [3] - 7:20, 9:5, 10:25
**apologize** [2] - 9:17, 19:3
**appealed** [2] - 15:23, 15:24
**application** [4] - 5:13, 7:12, 8:19, 15:4
**applied** [24] - 4:25, 7:5, 7:7, 7:14, 8:6, 8:14, 10:9, 10:10, 14:25, 15:3, 15:8, 15:18, 15:19, 15:21, 16:2, 16:5, 16:6, 16:22, 17:21, 18:5, 18:7, 19:9, 19:13, 20:15
**apply** [2] - 11:17
**applying** [2] - 7:4, 17:22
**approach** [1] - 14:6
**appropriate** [2] - 18:4, 19:11
**appropriately** [1] -

17:20
**april** [1] - 21:7
**April** [1] - 13:24
**argument** [3] - 15:13, 15:14, 15:17
**arguments** [1] - 10:6
**as-applied** [13] - 4:25, 7:14, 8:6, 10:9, 15:3, 15:19, 15:21, 16:2, 16:22, 17:21, 18:5, 18:7, 20:15
**aside** [1] - 10:13
**asserting** [3] - 4:1, 5:3, 7:2
**association** [1] - 18:8
**Association** [2] - 10:18, 14:19
**assuming** [1] - 3:19
**attack** [2] - 8:2, 18:6
**attempted** [1] - 11:12
**attorney** [2] - 9:15, 13:15
**attorneys** [3] - 13:14, 17:7, 17:9
**Avenue** [1] - 21:9

**B**

**bans** [1] - 10:23
**based** [7] - 8:23, 8:24, 11:9, 17:16, 17:22, 18:6, 18:17
**basis** [12] - 3:21, 4:21, 6:6, 8:4, 8:9, 8:25, 16:17, 16:18, 17:17, 17:23, 18:6, 19:14
**behalf** [1] - 3:23
**belong** [1] - 6:23
**better** [1] - 19:6
**bit** [4] - 4:8, 4:9, 7:18, 9:16
**Blues** [4] - 11:5, 12:24, 14:14, 17:8
**board** [1] - 12:5
**Board** [2] - 12:14, 12:17
**breed** [1] - 10:23
**bring** [1] - 18:8
**broad** [1] - 18:1
**brought** [1] - 14:18
**brunt** [1] - 7:2
**bulls** [1] - 5:16

**C**

**calendar** [2] - 14:17,

18:12
**cancel** [1] - 9:21
**care** [2] - 9:13, 13:3
**case** [14] - 3:8, 7:2, 9:4, 10:5, 10:8, 10:9, 11:4, 11:15, 14:7, 14:14, 14:20, 15:17, 15:20, 19:8
**causes** [1] - 7:18
**causing** [1] - 15:7
**certain** [1] - 15:7
**certify** [1] - 21:3
**Challenge** [2] - 4:6, 10:16
**challenge** [12] - 7:7, 8:2, 8:6, 8:22, 8:24, 14:16, 14:17, 15:3, 15:19, 15:21, 17:21
**challenging** [3] - 3:25, 7:12, 8:13
**chambers** [1] - 19:21
**chance** [1] - 3:4
**change** [3] - 10:22, 15:23, 17:19
**changed** [4] - 10:19, 11:2, 14:21, 17:17
**check** [2] - 18:12, 20:1
**Christopher** [2] - 8:5, 20:5
**circumstances** [2] - 6:16, 17:17
**claim** [18] - 3:11, 3:22, 3:24, 4:23, 4:25, 5:4, 5:10, 5:11, 6:2, 6:9, 8:9, 16:15, 16:17, 16:19, 16:23, 17:16
**claims** [2] - 3:10, 19:12
**clarification** [1] - 3:1
**clear** [1] - 10:8
**CLERK** [2] - 18:13, 19:25
**client** [6] - 6:23, 13:5, 13:8, 13:14, 14:9
**clients** [2] - 10:11, 13:15
**clients'** [4] - 5:12, 5:20, 6:5, 6:13
**close** [1] - 12:7
**Coalition** [1] - 19:10
**coincide** [1] - 10:6
**comfortable** [1] - 18:17
**comment** [2] - 18:1, 19:18
**comments** [3] - 17:12, 18:17, 20:6
**Commission** [1] -

14:2
**commissioner** [1] - 12:22
**Commissioners** [2] - 12:14, 12:17
**committee** [2] - 12:16, 12:21
**communicate** [1] - 13:20
**compare** [1] - 10:3
**complaining** [1] - 6:19
**complaint** [19] - 3:3, 3:4, 3:9, 3:11, 4:14, 4:16, 9:6, 9:19, 10:3, 10:7, 10:15, 15:3, 16:7, 16:13, 17:1, 18:18, 19:1
**concede** [2] - 6:11, 15:2
**concentrate** [1] - 17:10
**concerned** [1] - 11:5
**concluded** [1] - 20:18
**confer** [1] - 13:5
**confiscated** [2] - 5:16, 18:13
**confiscating** [1] - 19:16
**confusion** [1] - 7:19
**consider** [1] - 18:4
**considered** [2] - 5:3, 16:11
**constitutional** [1] - 8:18
**constitutionally** [1] - 15:19
**contact** [4] - 19:21, 19:23, 19:24, 20:2
**conversation** [1] - 19:4
**copy** [2] - 4:14, 19:21
**core** [4] - 3:25, 5:3, 5:6, 7:7
**correct** [5] - 4:6, 6:7, 6:12, 8:21, 8:24
**correctly** [1] - 8:1
**Count** [15] - 3:11, 4:5, 4:11, 4:12, 5:7, 5:23, 5:24, 6:9, 6:10, 6:19, 7:25, 8:7, 10:14, 16:14
**counter** [2] - 11:10, 16:10
**counts** [1] - 17:2
**county** [5] - 6:18, 6:21, 11:10, 12:22, 16:8

**County** [17] - 3:20, 5:19, 8:5, 10:18, 11:6, 11:11, 11:16, 11:19, 12:1, 12:11, 12:14, 12:17, 13:9, 13:14, 14:2, 20:5, 20:9
**County's** [6] - 4:1, 9:14, 15:5, 15:8, 17:7, 20:13
**couple** [1] - 12:17
**court** [3] - 19:23, 19:24, 20:2
**COURT** [42] - 4:4, 4:11, 4:15, 4:20, 5:5, 5:22, 6:2, 6:8, 6:18, 7:3, 7:9, 7:13, 7:17, 7:21, 8:8, 8:15, 8:23, 9:2, 9:4, 9:10, 9:21, 10:24, 11:1, 11:4, 11:20, 12:6, 12:7, 12:9, 12:19, 12:24, 13:12, 13:19, 13:25, 14:11, 15:10, 17:12, 18:11, 18:16, 19:7, 19:23, 20:1, 20:7
**Court** [12] - 4:8, 8:17, 12:13, 14:12, 15:2, 16:12, 17:4, 17:10, 18:25, 19:2, 21:8, 21:9
**Court's** [1] - 4:19
**custom** [2] - 8:13, 17:19

**D**

**DATE** [1] - 21:8
**date** [1] - 13:12
**days** [2] - 17:6, 17:14
**deadline** [1] - 13:25
**deal** [1] - 16:20
**decide** [2] - 16:14, 17:15
**decided** [2] - 10:19, 14:25
**decision** [2] - 15:1, 15:23
**declaration** [1] - 8:17
**defendant** [1] - 11:10
**Defendant's** [1] - 3:13
**Dennis** [2] - 11:25, 12:10
**department's** [1] - 12:11
**destroying** [3] - 3:14, 3:20, 4:21
**determination** [1] - 15:18

**Diaz** [1] - 21:7
**DIAZ** [1] - 21:8
**different** [2] - 3:10, 8:8
**difficult** [1] - 3:7
**digest** [1] - 15:11
**director** [2] - 12:2, 12:12
**discern** [1] - 3:7
**discuss** [1] - 4:16
**discussed** [2] - 4:23, 17:8
**discussing** [1] - 9:19
**Discussion** [1] - 18:15
**discussion** [1] - 18:24
**discussions** [1] - 18:19
**dismiss** [1] - 16:12
**District** [1] - 21:9
**docket** [1] - 20:1
**documents** [1] - 9:24
**Dog** [3] - 10:18, 14:19, 15:14
**dog** [5] - 11:14, 15:25, 19:16, 20:13, 20:14
**dogs** [18] - 3:14, 3:15, 4:22, 5:15, 11:6, 11:8, 11:13, 11:18, 11:23, 14:4, 16:9, 16:11, 17:24, 18:2, 18:3, 20:8, 20:10
**done** [1] - 6:18
**down** [2] - 6:24, 16:1
**draft** [1] - 18:18
**Due** [1] - 3:12
**due** [5] - 4:2, 5:8, 6:4, 6:15, 8:25

**E**

**easier** [1] - 11:21
**echo** [2] - 4:9, 9:16
**either** [1] - 4:24
**eliminate** [1] - 14:14
**end** [2] - 3:1, 14:23
**enforce** [4] - 11:12, 11:23, 17:19, 17:20
**enforced** [2] - 11:12, 19:16
**enforcement** [8] - 4:1, 5:14, 8:2, 10:12, 14:4, 16:9, 20:12, 20:13
**enforcing** [2] - 5:19, 11:7
**entitled** [3] - 4:5,

7:18, 21:5
**entity** [1] - 14:3
**establish** [3] - 7:13, 16:25, 18:1
**evidence** [2] - 3:15, 6:6
**exactly** [3] - 3:7, 5:1, 10:8
**exclude** [1] - 20:10
**exclusion** [1] - 11:6
**excuse** [1] - 11:25
**exempt** [1] - 14:3
**exemption** [2] - 11:8, 11:16
**expectation** [1] - 16:5
**explain** [1] - 9:4

**F**

**facial** [5] - 8:21, 8:24, 14:17, 16:19, 18:6
**facing** [2] - 10:12, 17:24
**fact** [3] - 11:12, 14:24, 17:15
**facts** [3] - 16:3, 16:4, 17:25
**far** [1] - 16:1
**fashion** [1] - 15:9
**FCRR** [1] - 21:8
**fear** [1] - 18:2
**few** [1] - 18:23
**file** [1] - 18:25
**filed** [2] - 16:8, 16:10
**files** [1] - 11:10
**final** [2] - 12:16, 12:22
**first** [1] - 3:11
**flabbergasted** [1] - 9:25
**Floor** [1] - 21:9
**Florida** [2] - 10:22, 21:10
**focusing** [1] - 5:23
**follow** [1] - 13:8
**followed** [1] - 14:2
**foregoing** [1] - 21:3
**forever** [1] - 9:11
**formal** [4] - 12:4, 12:13, 13:2, 14:2
**formalize** [1] - 11:16
**formalized** [1] - 14:5
**forth** [4] - 5:18, 6:17, 6:25, 9:7
**Fourteenth** [5] - 3:18, 4:22, 5:7, 6:3, 17:16
**Fourth** [1] - 3:12

**FPR** [1] - 21:8
**frankly** [1] - 10:5
**front** [5] - 4:17, 9:25, 10:15, 12:16, 19:2
**future** [2] - 7:21, 15:18

**G**

**Gallagher** [1] - 11:10
**general** [1] - 8:2
**given** [4] - 10:22, 17:4, 18:24, 19:2
**gravamen** [1] - 15:2
**group** [1] - 15:25

**H**

**handle** [1] - 11:18
**hear** [5] - 5:6, 9:8, 9:14, 9:18, 20:17
**heard** [3] - 4:10, 9:9, 9:12
**hearing** [14] - 4:8, 9:16, 9:22, 9:23, 10:4, 12:6, 12:16, 12:21, 13:6, 13:24, 16:24, 17:4, 19:2
**helpful** [1] - 4:15
**hereby** [1] - 21:3
**hesitating** [1] - 15:10
**Hoeveler** [5] - 10:17, 14:19, 15:12, 15:15, 15:22
**Hoeveler's** [1] - 14:23
**hold** [1] - 4:4
**Honor** [32] - 3:23, 3:25, 4:13, 4:18, 5:2, 5:11, 6:7, 7:6, 7:15, 7:20, 8:21, 9:5, 9:15, 9:17, 10:21, 10:25, 11:19, 11:25, 12:4, 12:8, 13:4, 13:10, 13:18, 13:23, 14:9, 14:22, 17:3, 18:10, 18:22, 19:3, 19:20, 20:4
**hope** [1] - 10:14
**hopefully** [2] - 3:2, 3:5

**I**

**i.e** [1] - 15:19
**imminent** [3] - 10:12, 17:24, 19:15
**implicate** [1] - 17:8

**impression** [1] - 19:3
**improperly** [1] - 10:10
**Inc** [2] - 11:5, 14:15
**indicate** [1] - 4:20
**individual** [1] - 20:15
**individuals** [2] - 18:5, 18:7
**informal** [2] - 11:8, 11:16
**injunction** [1] - 11:24
**inquiry** [1] - 4:19
**instance** [1] - 19:13
**instances** [6] - 8:19, 8:20, 10:10, 11:11, 16:10, 16:23
**interest** [1] - 3:17
**interested** [1] - 13:7
**issue** [5] - 11:14, 12:2, 12:25, 17:10, 19:7
**issues** [6] - 13:11, 17:7, 17:14, 18:19, 18:22, 18:24
**itself** [4] - 8:13, 11:7, 15:6, 17:17

**J**

**Judge** [6] - 10:17, 14:18, 14:23, 15:12, 15:15, 15:22
**judgment** [1] - 11:22

**K**

**keep** [4] - 9:10, 17:12, 17:14, 19:7
**KERBEL** [4] - 11:25, 12:8, 12:10, 12:21
**Kerbel** [2] - 12:1, 12:10
**kind** [6] - 4:24, 4:25, 9:24, 11:8, 14:5, 16:23

**L**

**labeled** [2] - 5:15, 5:17
**labeling** [1] - 7:1
**lack** [4] - 4:21, 16:16, 16:18, 17:16
**lacking** [1] - 16:7
**language** [2] - 15:6, 15:7
**last** [1] - 16:25
**lead** [1] - 16:1

**leads** [1] - 10:11
**least** [3] - 13:16, 14:4, 14:5
**leave** [3] - 14:24, 16:25, 17:13
**legislation** [1] - 10:23
**legislative** [1] - 12:15
**LEHRER** [30] - 3:23, 4:7, 4:13, 4:17, 5:2, 5:11, 6:1, 6:7, 6:11, 6:21, 7:6, 7:11, 7:15, 7:20, 9:3, 9:5, 9:14, 10:21, 10:25, 13:4, 13:18, 13:23, 14:8, 14:22, 17:3, 18:10, 18:21, 19:20, 19:24, 20:4
**Lehrer** [12] - 3:23, 9:2, 10:24, 12:24, 13:4, 13:23, 14:8, 14:22, 17:3, 18:16, 18:22, 19:20
**likely** [2] - 3:3, 15:22
**listen** [2] - 9:10, 9:12
**look** [5] - 5:24, 14:17, 16:13, 17:1, 18:12
**looking** [2] - 9:5, 18:13
**luck** [1] - 20:7

## M

**material** [1] - 11:3
**matter** [2] - 6:15, 21:5
**mean** [3] - 5:9, 7:6, 9:24
**means** [1] - 8:25
**meantime** [1] - 17:6
**meets** [1] - 17:2
**members** [6] - 6:23, 10:11, 15:25, 16:5, 17:23, 18:2
**members'** [5] - 3:15, 3:17, 3:21, 4:21, 5:8
**memo** [4] - 4:23, 4:24, 8:16, 16:19
**memorandum** [2] - 10:3, 10:5
**mentions** [1] - 16:21
**Miami** [3] - 19:10, 21:9, 21:10
**might** [1] - 19:10
**mind** [3] - 17:12, 17:14, 19:7
**minute** [1] - 6:8

**minutes** [1] - 19:25
**missing** [1] - 7:24
**moment** [3] - 4:13, 7:15, 10:13
**Monell** [5] - 4:25, 5:3, 16:15, 17:18
**months** [2] - 5:17, 12:18
**morphs** [1] - 4:24
**most** [1] - 3:3
**motion** [2] - 4:15, 16:12
**MR** [41] - 3:23, 4:7, 4:13, 4:17, 5:2, 5:11, 6:1, 6:7, 6:11, 6:21, 7:6, 7:11, 7:15, 7:20, 8:5, 8:12, 8:21, 8:24, 9:3, 9:5, 9:14, 10:21, 10:25, 11:2, 11:19, 11:25, 12:8, 12:10, 12:21, 13:4, 13:18, 13:23, 14:8, 14:22, 17:3, 18:10, 18:21, 19:20, 19:24, 20:4, 20:5

## N

**name** [1] - 20:1
**narrow** [2] - 13:11, 17:9
**nature** [1] - 11:23
**necessarily** [2] - 15:5, 19:5
**need** [6] - 8:17, 10:9, 16:13, 16:14, 19:1, 19:11
**new** [2] - 8:9, 14:11
**next** [6] - 9:23, 13:17, 13:24, 16:24, 17:13, 18:19
**normal** [1] - 12:18
**North** [1] - 21:9
**nuisance** [2] - 3:16, 8:10
**number** [2] - 12:19, 20:2

## O

**obligated** [1] - 20:10
**offer** [2] - 17:5, 18:25
**officer** [1] - 20:13
**officers** [1] - 20:12
**Official** [1] - 21:8
**one** [6] - 3:10, 4:13, 10:15, 11:4, 16:21, 16:25
**open** [2] - 14:24,

18:14
**Operating** [3] - 12:3, 12:11, 14:1
**operating** [1] - 13:1
**opinion** [1] - 14:24
**opposed** [1] - 18:8
**opposition** [5] - 4:23, 4:24, 8:16, 10:6, 16:19
**ordinance** [23] - 3:20, 4:1, 5:14, 5:19, 7:4, 7:12, 8:3, 8:13, 8:14, 8:18, 8:19, 10:19, 11:2, 11:7, 11:17, 13:2, 14:18, 14:20, 15:5, 15:6, 15:7, 17:17, 17:23
**otherwise** [2] - 3:16, 8:11
**own** [1] - 18:2
**owners** [1] - 15:25
**Owners'** [3] - 10:18, 14:19, 15:14

## P

**p.m** [1] - 20:18
**page** [1] - 20:11
**paragraph** [8] - 3:13, 4:12, 4:20, 5:25, 8:1, 8:17, 9:8, 9:20
**part** [2] - 3:24, 9:9
**particular** [1] - 14:7
**particularly** [1] - 8:1
**parties** [3] - 14:20, 17:9, 18:8
**party** [2] - 14:15, 19:11
**past** [1] - 17:22
**path** [1] - 16:1
**PATRICIA** [1] - 21:8
**penalties** [1] - 19:17
**people** [3] - 13:20, 15:25, 19:12
**perfectly** [1] - 9:13
**person** [1] - 9:23
**pets** [1] - 6:13
**phone** [3] - 9:12, 13:9, 20:2
**pit** [1] - 5:16
**place** [1] - 13:2
**plaintiff** [5] - 14:15, 14:22, 16:14, 16:25, 19:8
**plaintiffs** [9] - 3:4, 3:7, 3:24, 11:4, 14:8, 14:15, 15:16, 18:5, 18:23
**plaintiffs'** [4] - 3:14,

3:17, 13:15
**play** [1] - 17:18
**plenty** [2] - 13:21, 14:9
**pointing** [2] - 6:12, 9:7
**policy** [7] - 4:1, 5:14, 5:19, 6:22, 15:5, 15:8, 17:19
**poodle** [1] - 5:18
**portion** [1] - 18:6
**pose** [1] - 8:10
**posed** [1] - 3:16
**practice** [3] - 3:13, 6:22, 11:7
**practices** [1] - 17:22
**preliminarily** [1] - 13:16
**prepared** [1] - 19:6
**presently** [1] - 17:11
**pretty** [1] - 18:13
**previously** [2] - 9:7, 17:7
**problem** [1] - 13:10
**Procedure** [3] - 12:3, 12:12, 14:1
**procedure** [1] - 13:1
**Proceedings** [1] - 20:18
**proceedings** [1] - 21:4
**process** [9] - 4:2, 5:8, 6:4, 6:15, 8:25, 12:1, 12:15, 12:18, 13:1
**Process** [1] - 3:13
**promulgated** [1] - 12:12
**proper** [3] - 14:3, 18:8, 19:8
**properties** [1] - 3:15
**property** [12] - 3:14, 3:16, 3:17, 3:21, 4:22, 5:21, 6:5, 6:6, 6:13, 6:14, 8:10, 16:19
**proposing** [3] - 13:24, 13:25, 19:19
**prosecution** [1] - 17:24
**protected** [1] - 3:18
**public** [4] - 3:16, 3:17, 8:10, 8:11
**pull** [3] - 3:10, 4:13, 9:24
**pulling** [1] - 7:16
**pursuant** [1] - 3:20
**pursuing** [2] - 5:9, 5:11
**put** [1] - 20:8
**putting** [1] - 6:24

## Q

**questions** [1] - 20:6
**quickly** [2] - 12:3, 12:13
**quite** [1] - 18:23

## R

**raised** [1] - 19:7
**rational** [9] - 3:21, 4:21, 8:4, 8:9, 8:25, 16:17, 16:18, 17:16, 18:6
**reading** [1] - 7:25
**readings** [1] - 12:19
**reallege** [1] - 3:4
**really** [4] - 5:2, 7:1, 7:7, 16:14
**reason** [2] - 9:17
**reasonable** [4] - 6:6, 16:5, 17:23, 19:14
**record** [1] - 18:15
**reduce** [1] - 11:22
**reference** [1] - 7:22
**regard** [7] - 6:19, 7:24, 12:24, 16:9, 16:10, 18:7, 20:7
**related** [2] - 6:9, 6:10
**rely** [1] - 15:5
**reply** [2] - 7:18, 7:19
**reporter** [3] - 19:23, 19:24, 20:3
**REPORTER** [1] - 12:6
**Reporter** [1] - 21:8
**representative** [1] - 11:9
**require** [1] - 12:15
**research** [1] - 19:9
**resolution** [1] - 14:1
**resolved** [4] - 10:17, 13:13, 13:16, 14:11
**respect** [2] - 6:25, 17:7
**response** [4] - 6:17, 7:16, 7:17, 7:18
**rest** [1] - 20:8
**restated** [1] - 9:9
**restating** [1] - 9:10
**rights** [5] - 5:12, 6:3, 6:4
**RPR** [1] - 21:8
**ruled** [2] - 14:19, 15:15
**Ryan** [8] - 3:23, 13:4, 13:23, 14:8, 14:22, 17:3, 18:22, 19:20

## S

**safety** [2] - 3:17, 8:11
**Sean** [1] - 11:10
**second** [2] - 18:18, 19:1
**see** [5] - 3:9, 9:2, 13:13, 17:1, 17:8
**seeking** [1] - 3:8
**seem** [1] - 3:9
**sense** [1] - 13:16
**sentence** [1] - 16:21
**service** [15] - 11:5, 11:6, 11:8, 11:13, 11:14, 11:18, 11:23, 12:25, 14:3, 16:9, 16:11, 20:8, 20:10, 20:13, 20:14
**Services** [1] - 12:2
**set** [5] - 6:17, 9:7, 10:12, 13:12, 14:11
**several** [1] - 14:20
**shortcomings** [1] - 3:6
**show** [3] - 7:13, 10:10, 16:4
**situation** [1] - 20:11
**smoother** [1] - 3:5
**someone** [1] - 10:1
**sound** [1] - 13:6
**sounds** [1] - 7:3
**speaker** [1] - 12:7
**speaking** [2] - 9:15
**specific** [3] - 8:20, 10:23, 16:4
**specifically** [1] - 6:20
**specifics** [2] - 10:9, 19:5
**Standard** [3] - 12:2, 12:11, 14:1
**standard** [1] - 13:1
**statement** [4] - 9:8, 12:4, 13:2, 14:2
**statements** [1] - 12:14
**States** [1] - 21:9
**status** [1] - 19:4
**Statute** [1] - 10:22
**statute** [1] - 17:22
**step** [1] - 12:25
**stipulation** [1] - 11:22
**stop** [2] - 5:22
**stops** [1] - 12:23
**streamline** [1] - 3:2
**subject** [1] - 6:3
**substantive** [3] - 5:8, 6:15, 8:25

**Substantive** [1] - 3:12
**sudden** [1] - 5:16
**suffered** [1] - 19:13
**suffice** [2] - 12:12, 18:24
**sufficient** [2] - 12:2, 17:25
**supposed** [1] - 7:4

## T

**terms** [1] - 12:1
**test** [1] - 17:2
**THE** [44] - 4:4, 4:11, 4:15, 4:20, 5:5, 5:22, 6:2, 6:8, 6:18, 7:3, 7:9, 7:13, 7:17, 7:21, 8:8, 8:15, 8:23, 9:2, 9:4, 9:10, 9:21, 10:24, 11:1, 11:4, 11:20, 12:6, 12:7, 12:9, 12:19, 12:24, 13:12, 13:19, 13:25, 14:11, 15:10, 17:12, 18:11, 18:13, 18:16, 19:7, 19:23, 19:25, 20:1, 20:7
**threatened** [2] - 3:16, 8:11
**Thursday** [1] - 13:13
**title** [1] - 3:12
**titled** [1] - 10:15
**today** [3] - 13:12, 18:22, 19:2
**today's** [2] - 17:4, 19:21
**together** [1] - 18:19
**topic** [1] - 14:7
**towards** [1] - 14:23
**transcript** [1] - 19:22
**transcription** [1] - 21:4
**transpiring** [1] - 5:15
**treat** [1] - 20:14
**trouble** [2] - 4:8, 12:6
**try** [1] - 13:18
**trying** [3] - 3:7, 13:11, 15:10
**turns** [1] - 20:12
**two** [3] - 3:9, 12:22, 12:25
**two-step** [1] - 12:25

## U

**unclear** [1] - 8:12
**unconstitutional** [4]

- 5:13, 5:20, 15:8, 17:21
**unconstitutionally** [4] - 4:2, 15:16, 16:4, 16:6
**under** [3] - 6:4, 6:16, 19:3
**United** [1] - 21:9
**unsure** [1] - 5:1
**up** [9] - 3:10, 4:14, 7:16, 9:24, 13:8, 14:18, 17:4, 18:18, 18:25

## V

**vague** [4] - 4:2, 8:3, 15:12, 15:16
**vagueness** [3] - 8:23, 14:16, 15:21
**Vagueness** [2] - 4:6, 10:16
**versus** [1] - 10:18
**Vets** [4] - 11:5, 12:25, 14:15, 17:8
**view** [1] - 16:16
**violated** [3] - 5:12, 6:3, 6:4
**violates** [1] - 3:17, 4:2
**violation** [4] - 5:8, 6:16, 7:14, 20:15
**Violations** [1] - 3:12
**voice** [1] - 15:21

## W

**Wahl** [7] - 7:23, 7:24, 8:5, 9:18, 10:20, 11:1, 20:5
**WAHL** [7] - 8:5, 8:12, 8:21, 8:24, 11:2, 11:19, 20:5
**Wahl's** [1] - 9:8
**wait** [4] - 4:4, 9:24, 20:16
**wants** [1] - 12:13
**waste** [1] - 10:1
**Wednesday** [3] - 13:17, 13:24, 18:12
**week** [4] - 9:23, 13:21, 16:24, 18:20
**weeks** [1] - 5:17
**whole** [2] - 8:18, 13:21
**works** [1] - 20:4
**writing** [1] - 14:5
**wrongful** [1] - 5:20

**wrongfully** [3] - 6:14, 17:22
**wrongly** [1] - 19:13

## Y

**years** [1] - 14:20